# Rochester Improvement Company *v.* Foerstige, Appellant.

*Landlord and tenant—Rent—Affidavit of defense—Principal and surety—Payments.*

In an action against sureties of a tenant for rent, an affidavit of defense is insufficient which contains only a naked averment that the lessee had paid "a large amount of the rent due under said lease," and that the plaintiff had applied the sum so paid without the consent either of the lessee or of the defendants to the discharge of unpaid rent owing by the lessee on a former lease between the same parties.

Argued May 9, 1910. Appeal, No. 95, April T., 1910, by defendants, from order of C. P. Beaver Co., Dec. T., 1908, No. 243, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Rochester Improvement Company v. H. C. Foerstige et al. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit against sureties to recover rent alleged to be due on a lease. Before HOLT, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Lawrence M. Sebring,* for appellants.

*W. A. McConnel,* for appellee.

OPINION BY HEAD, J., July 20, 1910:

The first question presented by this record is the correctness of the action of the learned court below in making absolute a rule for judgment for want of a sufficient affidavit of defense. The plaintiff brought an action of assumpsit to recover certain rent due and in arrears under a written lease which was made a part of the statement of claim. The three defendants, the appellants, had become sureties for the performance of the covenants of the lease by the lessee. Their obligation was also evidenced by a writing on the lease itself. On the filing of their affidavit of defense a rule for judgment was entered.

We agree with the learned court below that this affidavit presented no legal defense whatever. Had every averment of fact in it been proven to the extent averred, and nothing more had been offered by way of defense, the learned trial judge would have been obliged to have directed a verdict for the plaintiff. The only averment in the affidavit that is even remotely responsive to the legal demand set forth in the statement is that contained in paragraph four. This is but a naked averment that the lessee had paid "a large amount of the rent due under said lease," and that the plaintiff had applied the sums so paid without the consent either of the lessee or of the defendants to the discharge of unpaid rent owing by the lessee on a former lease between the same parties. Whether or not the defendants were also sureties on that lease the affidavit does not state. If the affiant had any

actual knowledge of such payments, a much more specific averment of the amounts paid and the times when paid was demanded. If he had no knowledge and made the averments simply upon information and belief, it was just as manifestly his duty to state the sources of his information. These requirements are elemental and no authorities need be cited to support them. The opinion filed by the learned judge below fully vindicates his action in making the rule for judgment absolute, and we do not deem it necessary to point out in detail the insufficiency of the several matters alleged in the affidavit. The judgment was therefore rightfully entered.

On the day following its entry, the court, of his own motion, entered a further order to the effect that if within ten days thereafter the defendants should file a supplemental affidavit specifying more particularly the amounts paid by the lessee on account of the rent, or setting forth sufficient reasons why they could not be ascertained, the judgment would be opened and the defendants let into a defense. The defendants undertook to avail themselves of the benefits of this order and filed what they designate a supplemental affidavit of defense. It is clear enough that the time for filing affidavits of defense had gone by, and what was really invited by the learned court below was a petition to open the judgment which would disclose such facts as would have been sufficient, if averred in proper time in an affidavit of defense, to have prevented judgment. But, regarding it as a petition for the opening of the judgment, it discloses no new averments of any importance save the one contained in its third paragraph with relation to a piano of the lessee which, it was averred, was worth $300, which had been seized by the plaintiff on account of the rent in arrears, and for which no credit had been given.

If, as we have said, we regard this affidavit as a petition for the opening of the judgment which had been properly entered as the record stood at the time, then manifestly the plaintiff was entitled to file an answer

thereto. This was accordingly done. Had the learned trial judge, upon a consideration of the petition and answer, declined to interfere with the judgment, it would have been no easy task to have convicted him of an abuse of the sound discretion vested in him in such cases. But, after a reargument of the whole question after the filing of said answer, the learned court opened the judgment to the extent of $300, leaving to the plaintiff the right to proceed in the ordinary way to collect the remainder thereof. It is from this order, as we understand it, that the appeal was formally taken, although the earlier action of the court in entering the judgment originally is also assigned for error.

Being of the opinion, as we have already indicated, that the judgment was rightfully entered in the first instance, and no good ground having been shown why it should be opened to any greater extent than it actually was, we think the defendants have no just ground of complaint, and the assignments of error are overruled.

Judgment affirmed.